```
 1  Eugene G. Iredale,  SBN:  75292
    Julia Yoo,  SBN: 231163
 2  IREDALE & YOO, APC
    105 West F Street, Fourth Floor
 3  San Diego, CA 92101-6036
    Telephone:   (619) 233-1525
 4  Facsimile:    (619) 233-3221

 5  Attorneys for Plaintiff
    Maurice Peter Eunice
```

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE PETER EUNICE, an individual | Case No. **'12CV1635 WQHBGS** |
| Plaintiff, | (1) *Bivens*: Fourth Amendment Unreasonable Seizure |
| v. | (2) 42 USC §1983: Fourth Amendment Unreasonable Seizure |
| UNITED STATES OF AMERICA, PATRICK RYAN, an individual, CITY OF EL CAJON, a municipal corporation, and DOES 1-60, INCLUSIVE | (3) Bivens: Fifth Amendment Due Process Violation for Taking Without Just Compensation |
| Defendants. | (4) 42 USC §1983: Fifth Amendment Due Process Violation for Taking Property Without Just Compensation |
| | (5) Bivens: Fifth Amendment Due Process Violation for Taking Property Without Due Process |
| | (6) 42 USC §1983: Fifth Amendment Due Process Violation for Taking Without Due Process |
| | (7) Failure to Properly Supervise |
| | (8) Intentional Infliction of Emotional Distress |
| | (9) Negligence |
| | (10) Conversion |
| | (11) California Civil Code § 52.1 |
| | JURY TRIAL IS HEREBY DEMANDED |

1

COMES NOW, MAURICE PETER EUNICE, by and through his attorneys of record, and alleges and complains as follows:

## I.
## INTRODUCTION

Plaintiff Maurice Peter Eunice (Pete Eunice) owns a number of commercial and residential properties in California including buildings in El Cajon, that have been leased to the Hells Angels Motorcycle Club for many years. On August 2, 2011, officers of the Drug Enforcement Administration (DEA) and El Cajon police officers went to his properties located at 419/421/423 El Cajon Blvd. to execute a search warrant on some of the people who lease the properties. Defendants used explosives to blast open the doors and windows causing extensive damage to the properties. Defendants knew that there was no one inside the buildings and that there were no exigent circumstances. At the time the Defendants decided to use dynamite to blow open these doors and windows, they had Mr. Eunice's telephone number. Defendants called Mr. Eunice <u>after</u> the explosions to let him know to come to the property.

## II.
## GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1346(b)(1), <u>et. seq.</u> (United States as Defendant).

2. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

3. Plaintiffs' claims under 28 U.S.C. §§ 1346, and 2671-2680 (Federal Tort Claims Act) were timely filed on January 17, 2012. The claims were formally denied in February of 2012.

4. Plaintiff has complied with Cal. Gov. Code §§ 800 *et seq*.

5. Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego, California.

6. At all times relevant to this complaint, Plaintiff was an individual residing in San Diego County, California.

7. At all times relevant to this complaint, the Drug Enforcement Agency (DEA) was a federal agency of defendant UNITED STATES OF AMERICA and was operating in San Diego County, California.

8. At all times relevant to this complaint, Defendant Patrick Ryan was an agent with the DEA.

9. At all times relevant to this complaint, Defendants DOES 1-50 were agents of the DEA. At all times relevant hereto, these defendants were acting in their professional capacity as DEA agents.

10. At all times relevant to this complaint, Defendants DOES 51-60 were El Cajon police officers. At all times relevant hereto, these defendants were acting in their professional capacity as El Cajon police officers. These Doe defendants participated in the destruction of Mr. Eunice's property.

11. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 60, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

12. These defendants were agents, servants and employees of each of the other named defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal

1  and/or employer and each of the other named defendants. Each of the defendants had approved or

2  ratified the actions of the other defendants, thereby making the currently named defendants liable

3  for the acts and/or omissions of their agents, servants and/or employees.

**FACTS**

6      13.    Plaintiff Pete Eunice was born in Norwich, England, a town that coincidentally

7  suffered extensive bomb damage during World War II.

8      14.    Mr. Eunice served four years in the British army where he had the opportunity to

9  travel the world.

11      15.    Mr. Eunice came to the United States in 1974, fell in love this country, and never

12  looked back. Mr. Eunice settled down in San Diego County and began investing successfully in

13  real estate.

14      16.    Mr. Eunice purchased vacant lots, subdivided them, developed and sold

15  properties.

17      17.    Mr. Eunice also owned an auto repair shop and began collecting antique

18  motorcycles.  Mr. Eunice was an avid motorcyle collector and enthusiast.

19      18.    In 1995, Mr. Eunice purchased the properties at 419/421/423 El Cajon Blvd. in El

20  Cajon, California.  At the time of the purchase, there was a taco shop that leased the property.

21      19.    For the first year after purchase, Mr. Eunice rented the property to the taco shop,

22  until the business expanded and moved out.

24      20.    In 1996, Mr. Eunice leased this property to the Hells Angels Motorcycle Club,

25  which used as their clubhouse.

26      21.    At the time that the DEA agents blew up the doors and windows to his property,

27  they knew that Mr. Eunice owned these properties.

28      22.    These agents knew Mr. Eunice's contact information and they knew how to obtain

the keys to the properties.

23. Instead of contacting Mr. Eunice, they blew up the doors and windows using dynamite.

24. After they caused explosions at the property, causing extensive damage to the frame and foundation of the buildings, Defendant Patrick Ryan called Mr. Eunice to let him know that he should come out to the property.

**FIRST CAUSE OF ACTION**
**(Violation of Plaintiff's Fourth Amendment Constitutional Rights: *Bivens*)**
**Against the United States, Ryan and Does 1 to 50**

25. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full.

26. The Fourth Amendment requires that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.

27. Excessive or unnecessary property destruction during a search violates the Fourth Amendment. It was not necessary and reasonable to use dynamite to blow up entrance to properties under these circumstances.

28. A Fourth Amendment seizure of personal property occurs when there is some meaningful interference with an individual's possessory interests in that property.

29. Destroying Mr. Eunice's doors and windows meaningfully interfered with his possessory interest in his property.

30. The Constitution protects persons from such unreasonable seizures.

31. At the time that agents and officers blew up Mr. Eunice's doors and windows with dynamite, this prohibition was clearly established law.

32. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States and the laws of the

1  United States.

2  33.  Upon information and belief, defendant Patrick Ryan participated in blowing up
3  the doors and windows of Mr. Eunice's properties.

4  34.  Upon information and belief, defendant Patrick Ryan waited until they used
5  dynamite to blow open the buildings before he called Mr. Eunice to let him know what happened
6  to the properties.

7  35.  Plaintiff suffered damages as a direct and proximate result of the illegal acts of
8  Defendants.

9  36.  Plaintiff Pete Eunice is entitled to compensatory damages, punitive damages, and
10 such additional relief as the Court deems just.

**SECOND CAUSE OF ACTION**
**(Violation of Plaintiff's Fourth Amendment Constitutional Rights: 42 USC §1983)**
**Against the City of El Cajon and Does 50 to 60**

37.  Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full.

38.  42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

39.  Plaintiff had a firmly established right under the Fourth Amendment to be free from unreasonable seizure.

40.  The Fourth Amendment requires that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.

41.  Excessive or unnecessary property destruction during a search violates the Fourth Amendment.  It was not necessary and reasonable to use dynamite to blow up entrance to properties under these circumstances.

42. A Fourth Amendment seizure of personal property occurs when there is some meaningful interference with an individual's possessory interests in that property.

43. Destroying Mr. Eunice's doors and windows meaningfully interfered with his possessory interest in his property.

44. The Constitution protects persons from such unreasonable seizures.

45. At the time that El Cajon police officers blew up Mr. Eunice's doors and windows with dynamite, this prohibition was clearly established law.

46. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States and the laws of the United States.

47. Plaintiff suffered damages as a direct and proximate result of the illegal acts of Defendants.

48. Plaintiff Pete Eunice is entitled to compensatory damages, attorneys' fees, punitive damages, and such additional relief as the Court deems just.

### THIRD CAUSE OF ACTION
**(Fifth Amendment Due Process Violation for Taking Without Just Compensation: *Bivens*)
Against the United States, Ryan and Does 1 to 50**

49. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full.

50. Under the Fifth Amendment, a citizen shall not be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

51. By reason of the acts of Defendants as herein alleged, the property of plaintiff was taken for public use without compensation and Plaintiff was deprived of his property without due process of law.

52. Defendants have failed and refused, and continue to fail and refuse, to pay to plaintiff just compensation for the taking of his property, all in violation of the Fifth Amendment to the United States Constitution.

53. Plaintiff suffered damages as a direct and proximate result of the illegal acts of Defendants.

54. Plaintiff Pete Eunice is entitled to compensatory damages, punitive damages, and such additional relief as the Court deems just.

## FOURTH CAUSE OF ACTION
**(Fifth Amendment Due Process Violation for Taking Without Just Compensation: 42 USC §1983)**
**Against the City of El Cajon and Does 50 to 60**

55. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full.

56. Under the Fifth Amendment, a citizen shall not be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

57. By reason of the acts of Defendants as herein alleged, the property of plaintiff was taken for public use without compensation and Plaintiff was deprived of his property without due process of law.

58. Defendants have failed and refused, and continue to fail and refuse, to pay to plaintiff just compensation for the taking of his property, all in violation of the Fifth Amendment to the United States Constitution.

59. Plaintiff suffered damages as a direct and proximate result of the illegal acts of Defendants.

60.     Plaintiff Pete Eunice is entitled to compensatory damages, attorneys fees pursuant to 42 USC §1983, punitive damages, and such additional relief as the Court deems just.

**FIFTH CAUSE OF ACTION**
**(Fifth Amendment Due Process Violation for**
**Taking Property Without Due Process: *Bivens*)**
**Against the United States, Ryan and Does 1 to 50**

61.     Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full.

62.     Under the Fifth Amendment, a citizen shall not be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

63.     By reason of the acts of Defendants as herein alleged, the property of plaintiff was taken without due process of law.

64.     Defendants have failed and refused, and continue to fail and refuse, to pay to plaintiff just compensation for the taking of his property, all in violation of the Fifth Amendment to the United States Constitution.

65.     Plaintiff suffered damages as a direct and proximate result of the illegal acts of Defendants.

66.     Plaintiff Pete Eunice is entitled to compensatory damages, punitive damages, and such additional relief as the Court deems just.

**SIXTH CAUSE OF ACTION**
**(Fifth Amendment Due Process Violation for**
**Taking Property Without Due Process: 42 USC §1983)**
**Against the City of El Cajon and Does 50 to 60**

67.     Plaintiff realleges all prior paragraphs of this complaint and incorporate the same

herein by this reference as if those paragraphs were set forth in full.

68. Under the Fifth Amendment, a citizen shall not be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

69. By reason of the acts of Defendants as herein alleged, the property of plaintiff was taken without due process of law.

70. Defendants have failed and refused, and continue to fail and refuse, to pay to plaintiff just compensation for the taking of his property, all in violation of the Fifth Amendment to the United States Constitution.

71. Plaintiff suffered damages as a direct and proximate result of the illegal acts of Defendants.

72. Plaintiff Pete Eunice is entitled to compensatory damages, attorneys fees pursuant to 42 USC §1983, punitive damages, and such additional relief as the Court deems just.

### SEVENTH CAUSE OF ACTION
**(Failure to Properly Supervise and Failure to Intervene)**
**Against All Defendants**

73. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full.

74. Supervising officers and/or agents had a duty to Plaintiff to properly supervise employee officers or agents that hold the power, authority, insignia, equipment and arms entrusted to them.

75. Upon information and belief, Defendant Patrick Ryan was a supervising agent with the DEA.

76. Law enforcement officers who have a realistic opportunity to prevent a fellow officer from violating a citizen's Constitutional rights have a duty to intervene to protect the victim from the unconstitutional retaliation, use of force or violation of due process of law.

77. This was clearly established law.

78. Plaintiff suffered damages as a direct and proximate result of the illegal acts of Defendants.

79. Plaintiff Pete Eunice is entitled to compensatory damages, attorneys fees pursuant to 42 USC §1983, punitive damages, and such additional relief as the Court deems just.

80. Plaintiff Pete Eunice is entitled to attorneys fees pursuant to 42 USC §1983.

## EIGHTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**[Against All Defendants]**

81. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

82. By engaging in the acts alleged herein, the defendants engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

83. These defendants blew up Plaintiff's properties when there was no need to cause such destruction. The use of the dynamites caused substantial damage to the foundation of the buildings, making the buildings unusable.

84. The explosion also caused damage to the building interior, where parts of the floors were blown off.

85. Once inside, agents and officers book photographs off of the walls, threw them on the ground and stomped on them. These were photographs of Mr. Eunice's friends who had

died.

86. Under the Federal Tort Claims Act, the United States is the Proper defendant for this cause of action.

87. As a direct, proximate and foreseeable result, Mr. Eunice suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

### NINTH CAUSE OF ACTION[
### (Negligence)
### Against All Defendants

88. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

89. Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury.

90. Using dynamite to blow up doors and windows to unoccupied buildings falls below the duty of care.

91. By engaging in the acts alleged herein, the Defendants failed to act with ordinary care and breached their duty of care owed to Pete Eunice.

92. Under the Federal Tort Claims Act, the United States is the proper defendant for this cause of action.

93. As a direct, proximate and foreseeable result of the Defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

### TENTH CAUSE OF ACTION[
### (Conversion)
### Against All Defendants

94. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

95. Plaintiff owned the properties located at 419/421/423 El Cajon Blvd. in El Cajon, California.

96. Defendants destroyed the doors, windows, and flooring of the properties by using explosives to blast the doors open.

97. The explosion caused damage to the walls, the structure of the buildings, and personal property inside the buildings.

98. Mr. Eunice did not consent to the destruction of his property.

99. Mr. Eunice was harmed as a result in an amount to be determined by a jury.

100. Defendants' conduct was a substantial factor in causing plaintiff's harm.

### ELEVENTH CAUSE OF ACTION
#### (Violation of the Unruh Act, California Civil Code 52.1)
#### By  Against All Defendants

101. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

102. Plaintiff Pete Eunice had a firmly established right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution, and to be free from taking without just compensation and without due process under the Fifth Amendment.  He had these same rights under the State Constitution of California.

103. The California Legislature has declared that it violates the state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law.  This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

104. This interference with Plaintiff's rights was perpetrated by the defendants in violation of section 52.1 and his rights under the Fourth and Fifth Amendments.

105. Due to the violation of Plaintiff's rights by all defendants, Plaintiffs suffered economic damages and non-economic damages, including, but not limited to, emotional distress,

pain and suffering, repair expenses and fear caused by the acts complained of herein according to proof at the time of trial.

106.  Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code § 52.1, attorneys' fees and costs of suit incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

1. For general and special damages according to proof at the time of trial;

2. For costs of suit and interest incurred herein;

3. For punitive damages;

4. For attorneys' fees; and

5. For injunctive or declaratory relief this Court deems just and proper, including an injunction requiring the institution of appropriate supervision and prohibition of unnecessary destruction of property.

Dated:   June 29, 2012                                    Respectfully submitted,

*/s/  Julia Yoo*
EUGENE G. IREDALE
JULIA YOO
105 West F St., Fourth Floor
San Diego, CA 92101
(619) 233-1525
Attorneys for Plaintiff