1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MAURICE PETER EUNICE,                         CASE NO. 12cv1635-GPC(BGS)

12                                  Plaintiff,
                                                   **ORDER GRANTING**
13        vs.                                      **DEFENDANTS' MOTION TO**
                                                   **DISMISS**
14   UNITED STATES OF AMERICA et. al.,
                                                   [Dkt. Nos. 17, 21.]
15                                  Defendants.

16

17        On June 29, 2012, Plaintiff Maurice Peter Eunice filed a complaint against Defendants.  On

18   October 1, 2012, Plaintiff filed a first amended complaint ("FAC") against Defendants United States

19   of America; Patrick Kelly; Patrick Ryan; Mike Mervos; Bethany Watrous; Steve M. Kingkade; Jeff

20   Davis; City of El Cajon; and City of La Mesa.  (Dkt. No. 10.)

21        On October 16, 2012, Defendant United States of America filed a motion to dismiss.  (Dkt. No.

22   17.)  On November 30, 2012, the Court granted Plaintiff's *ex parte* motion dismissing United States

23   of America, Patrick Ryan, Patrick Kelly, Mike Mervos, Steve Kingkade and Bethany Waltrous

24   ("Federal Defendants") from the third, fourth, fifth and sixth causes of action without prejudice.  (Dkt.

25   No. 25.)  On December 3, 2012, Plaintiff filed an opposition to Defendant's motion.  (Dkt. No. 27.)

26   In the opposition, Plaintiff states it has dismissed the United States as a Defendant in the first amended

27   complaint.  (Id.)  Accordingly, the Court **GRANTS** Federal Defendants' motion to dismiss.

28        On October 31, 2012, Defendants City of El Cajon and Jeff Davis filed a motion to dismiss

1    pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 21.)  Plaintiff filed an opposition on

2    December 3, 2012.  (Dkt. No. 26.)  Defendants filed a reply on December 17, 2012.  (Dkt. No. 28.)

3         The motion is submitted on the papers without oral argument pursuant to Civil Local Rule

4    7.1(d)(1).  After a review of the briefs, supporting documentation, and applicable law, the Court

5    GRANTS Defendants' motion to dismiss.

6                          **Background**

7         According to the first amended complaint, Plaintiff has owned the commercial properties at

8    419/421/423 El Cajon Boulevard in El Cajon, CA since 1995.  (Dkt. No. 10, FAC ¶ 26.)  He initially

9    leased the property to a taco shop that eventually expanded and moved out.  (Id. ¶ 27.)  In 1996,

10    Plaintiff began leasing the properties to the Hells Angels Motorcycle Club as a clubhouse.  (Id. ¶ 28.)

11    On August 2, 2011, Defendant Patrick Ryan of the Drug Enforcement Agency ("DEA") obtained a

12    search warrant for the properties.  (Id. ¶ 29.)  The DEA agents went to the properties with El Cajon

13    and La Mesa police officers.  (Id. ¶ 30.)  Defendants knew that Plaintiff owned the properties, knew

14    Plaintiff's contact information and knew how to obtain the keys to the properties.  (Id. ¶ 31.)  Instead

15    of calling Plaintiff, Defendants blew up the doors and windows using explosives.  (Id. ¶ 32.)  Plaintiff

16    contends that Defendants had no reasons to blow up Plaintiff's property but acted out of malice in

17    order to intimidate Plaintiff for leasing properties to Hells Angels as Defendants held ill will towards

18    members of that group.  (Id. ¶ 33-34.)

19         Defendants caused extensive damage to the frame and foundation of the buildings and the

20    water pipes that ran beneath the properties.  (Id. ¶ 36.)  In addition, a three year old dog, Molly, was

21    in the courtyard of the properties and after the explosion, Defendants let Molly out of the property and

22    out into the traffic street.  (Id. ¶¶ 37, 38.)  Once Defendants gained entry into the properties, they

23    continued their destruction by smashing windows and throwing photographs off of the walls and

24    stepped on the faces of the people depicted in the photographs.  (Id. ¶ 39.)

25         As to Jeff Davis and the City of El Cajon, Plaintiff asserts a 42 U.S.C. § 1983 claim alleging

26    a violation of the Fourth Amendment for an unreasonable seizure, and alleges state law causes of

27    action for intentional infliction of emotional distress, negligence, conversion and violation of

28    California Civil Code section 52.1.

1

**Discussion**

2        Defendants Jeff Davis and the City of El Cajon move to dismiss, pursuant to Federal Rule of

3  Civil Procedure 12(b)(6), all claims against them. Plaintiff opposes.

4  **A.        Legal Standard for Federal Rule of Civil Procedure 12(b)(6)**

5        Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

6  upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is

7  appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a

8  cognizable legal theory.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

9  A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as

10  true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,

11  556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

12  (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

13  to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

14  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

15  do not suffice."  Id.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory

16  factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim

17  entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009)

18  (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged

19  in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580

20  F.3d 949, 956 (9th Cir. 2009).

21  **B.        Second Cause of Action as to Defendants City of El Cajon[1] and Jeff Davis - 42 U.S.C. §**

22  **1983**

23        Defendant Davis argues that Plaintiff has failed to state a plausible claim for relief against him

24  based on supervisor liability.  In his opposition, Plaintiff contends that the first amended complaint

25  states that Davis supervised and directly participated in the destruction of property, failed to supervise

26  and control his subordinates, and acted out of malice and ill will towards Plaintiff.

27

28        [1]In his opposition, Plaintiff states he will dismiss the City of El Cajon from the second cause of action.  (Dkt. No. 26 at 5.)

1      There is no respondeat superior liability under 42 U.S.C. § 1983. Ashcroft v. Iqbal, 556 U.S.

2   662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff

3   must plead that each Government-official defendant, through the official's own individual actions, has

4   violated the constitution."). Further, a supervisor's mere knowledge of his subordinates'

5   discriminatory purpose does not amount to the supervisor violating the Constitution. Id. at 677. In

6   order to state a claim against a state official under section 1983, the complainant must allege direct

7   personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A

8   supervisor is only liable for the constitutional violations of his subordinates if the supervisor

9   participated in or directed the violations, or knew of the violations and failed to act to prevent them."

10   Id.; see also Wilson v. Seiter, 501 U.S. 294, 303 (1991).

11      The first amended complaint contains two paragraphs of allegations specifically against

12   Defendant Jeff Davis. First, it states Davis was the Commanding Officer of El Cajon's Special

13   Weapons and Tactics ("S.W.A.T.") team. (Dkt. No. 10, FAC ¶ 14.) "Upon information and belief,

14   defendant Davis was in charge of S.W.A.T. operation for El Cajon and responsible for the supervision

15   of El Cajon police officers on the scene. Defendant is responsible for his failure to supervise or

16   control his subordinates, and for his acquiescence in the constitutional deprivations inflicted on Mr.

17   Eunice." (Id. ¶ 79.) These are insufficient facts to establish that Davis played a direct role in the

18   violations.

19      The remaining facts to support constitutional violations use the word "Defendants" without

20   specifying which named Defendant participated in what part of the violation. Lumping all

21   "defendants" together and facts regarding the incident does not put a particular defendant on notice

22   as to grounds for the allegations. See Chan v Chancelor, 09cv1839-AJB(CAB), 2011 WL 5914263

23   (S.D. Cal. 2011) (vaguely lumps Defendants' names together without providing any specific

24   allegations as to fraud); Kelley v. Rambus, Inc., No. C 07-01238JF, 2007 WL 3022544, at *1 (N.D.

25   Cal. Oct. 15, 2007) (lumping all defendants together without specifying which defendant knew what

26   or when under notice pleading requirement under Federal Rule of Civil Procedure 8); Tatone v.

27   SunTrust Mortg., Inc., No. 11–1862 (MJD/JSM), 2012 WL 763581, at *9 (D. Minn. Mar. 8, 2012) ("A

28   complaint which lumps all defendants together and does not sufficiently allege who did what to whom,

- 4 -                                        [12cv1635-GPC(BGS)]

1  fails to state a claim for relief because it does not provide fair notice of the grounds for the claims

2  made against a particular defendant.").

3       In this case, Plaintiff has failed to set forth any factual allegations regarding the direct and

4  personal participation of Defendant Davis in the alleged constitutional violations.  Accordingly, the

5  Court GRANTS Defendant Davis' motion to dismiss the second cause of action for violation of the

6  Fourth Amendment pursuant to 42 U.S.C. § 1983.

7  **C.    Remaining State Law Causes of Action**

8       Defendants argue that the state law causes of action for intentional infliction of emotional

9  distress, negligence, conversion and violation of California Civil Code section 52.1 are barred as they

10  are immune under California Government Code sections 815.2 and 821.6.  Moreover, they argue that

11  the FAC fails to state a claim against them as to each state cause of action.  Plaintiff opposes.

12       **1.    State Law Immunities**[2]

13       California Government Code section 815.2 states, "[e]xcept as otherwise provided by statute,

14  a public entity is not liable for an injury resulting from an act or omission of an employee of the public

15  entity where the employer is immune from liability."  Cal. Gov't Code § 815.2.  Government Code

16  section 821.6 provides, "[a] public employee is not liable for injury caused by his instituting or

17  prosecuting any judicial or administrative proceeding within the scope of his employment, even if he

18  acts maliciously and without probable cause."  Cal. Gov't Code § 821.6.  This immunity provision is

19  to be construed broadly so as to further "its purpose to protect public employees in the performance

20  of their prosecutorial duties from the threat of harassment through civil suits."  Gillan v. City of San

21  Marino, 147 Cal. App. 4th 1033, 1048 (2007).  Section 821.6 applies to police officers as well as

22  public prosecutors.  Strong v. State, 201 Cal. App. 4th 1439, 1461 (2011).

23       An investigation is a step towards formal proceedings and cloaked with immunity even if

24  officers acted negligently, maliciously or without probable cause.  Baughman v. California, 38 Cal.

25  App. 4th 182, 192 (1995) ("investigation is a part of the prosecution of a judicial proceeding" and

26  _____

27     [2]Defendants also argue they are immune under California Government Code section 821.8 which provides that public employees are not liable for an entry onto property where the entry is under the express or implied authority of law.  Cal. Gov't Code § 821.8.  Since the Court concludes

28  California Government Code section 821.6 applies to Defendants, the Court declines to address whether section 821.8 applies.

[12cv1635-GPC(BGS)]

1   applied to cause of action for conversion).  The purpose behind the immunity is to allow officers to

2   be free to use their honest judgment uninfluenced by fear of litigation or harassment of themselves in

3   the performance of their duties.  Id. at 192 (immunity applied to claim of negligence).  It also "frees

4   investigative officers from the fear of retaliation for errors they commit in the line of duty." Id. at 193

5   (citing Amylou R. v. County of Riverside, 28 Cal. App. 4th 1205 (1994) (county immune from liability

6   for intentional infliction of emotional distress)); Jenkins v. County of Orange, 212 Cal. App. 3d 278,

7   283 (1989) (negligence).  Section 821.6 "shields investigative officers from liability for injuries

8   suffered by witnesses or victims during an investigation." Baughman, 38 Cal. App. 4th at 192.

9          In Baughman, an investigation revealed that computer hardware and software had been stolen

10  from California Polytechnic State University.  Id. at 186.  The police officers had a search warrant to

11  search "all rooms and buildings, . . . garages, . . . storage areas and container . . . within the curtilage

12  of" Terminal Technician, Inc., the place Plaintiff rented space.  Id. at 186.  Police officers entered the

13  premises and removed material and equipment and during the course of the search, they destroyed

14  floppy computer disks containing the sole source of Plaintiff's research over many years.  Id.  These

15  disks were not described in the search warrant.  Id.  The court of appeals held that the police officers

16  were acting within the scope of their duties when the disks were destroyed while investigating a crime

17  pursuant to a search warrant concerning such media.  Id. at 192.

18         Plaintiffs argue that Defendants are not immune because the section only applies to malicious

19  prosecution citing Sullivan v. County of Los Angeles, 12 Cal. 3d 710 (1974).  Contrary to Plaintiff's

20  position, section 821.6 is not limited to malicious prosecution.  See Gillan v City of San Marino, 147

21  Cal. App. 4th 1033, 1048 (2007); Jenkins v. County of Orange, 212 Cal. App. 3d 278, 283 (1989)

22  (Sullivan did not hold that immunity only applied for malicious prosecution but limited its holding and

23  discussion to the lack of immunity for false imprisonment).

24         Here, in the first amended complaint, Plaintiff does not dispute the validity of the search

25  warrant.  He challenges how it was implemented by the use of explosives which blew up doors and

26  windows at his properties.  The Court concludes that the officers are immune for the loss Plaintiff

27  suffered as a result of their investigation.

28         As to the allegations that once inside, Defendants took photographs off of the walls, threw

1  them on the ground and stomped on them and that they made a dog needlessly suffer fear by placing

2  explosives near the courtyard where the dog lived and allowing the dog to run into a busy street are

3  not acts subject to the investigation and not subject to immunity.  See Blankenhorn v. City of Orange,

4  485 F.3d 463, 488 (9th Cir. 2007) (section 821.6 applies to actions taken in the course or as a

5  consequence of an investigation and does not provide immunity to tortious conduct that occurred

6  during an arrest).  Therefore, Defendants are not immune under section 821.6 for these alleged acts.

7        Accordingly, the Court concludes that section 821.6 immunizes both the officers and by

8  operation of section 815.2(b), the City from damage claims concerning the use of explosives

9  Defendants used to enter the properties.  These include the state causes of action for intentional

10  infliction of emotional distress, negligence, conversion and violation of California Civil Code section

11  52.1.

12        However, the Defendants are not immune from the alleged  act of throwing photographs off

13  the wall, throwing them on the ground and stomping on them and the allegation that Defendants knew

14  there was a dog on the property and opened the gate and let the dog into the street.  However, as

15  discussed below, the Court grants Defendants' motion to dismiss as to the state causes of action as

16  there are no factual allegations to support a cause of action as to each named Defendant.

17  **3.**     **Intentional Infliction of Emotional Distress; Negligence; Conversion; California**

18         **Civil Code section 52.1**

19        Plaintiffs allege state causes of action for intentional infliction of emotional distress,

20  negligence, conversion, and violation of California Civil Code section 52.1.  As discussed above,

21  throughout the first amended complaint, Plaintiff states "Defendants" without specifying which

22  Defendant did what or knew what.  Plaintiff has failed to comply with Federal Rule of Civil Procedure

23  8.  Accordingly,  the Court GRANTS Defendants' motion to dismiss for failure to state a claim as

24  Plaintiff does not provide facts to support allegations as to each Defendant and each Defendant's role

25  in the violation so as to give them notice under Federal Rule of Civil Procedure 8.

26  **D.**    **Request for Judicial Notice**

27        Defendants filed a request for judicial notice as to the youtube video capturing this incident and

28  the affidavit for search warrant which has already been filed by Defendant United States of America

          [12cv1635-GPC(BGS)]

1 | as Dkt. No. 18-1.  The Court declines to take judicial notice of these items as they were not relied upon

2 | in ruling on the instant motion to dismiss.

3 | **Conclusion**

4 |      Based on the above, the Court GRANTS Defendants United States of America, City of El

5 | Cajon and Jeff Davis' motion to dismiss.  The Court DISMISSES the state law claims arising from

6 | the use of explosives to execute a search warrant against Defendants Jeff Davis and City of El Cajon

7 | with prejudice.  Plaintiff is granted leave to file an amended complaint no later than sixty (60) days[3]

8 | from the date stamped on this order curing the deficiencies of pleading identified above.

9 |      IT IS SO ORDERED.

10 |

11 | DATED:  February 26, 2013

12 |

13 | HON. GONZALO P. CURIEL
United States District Judge

[3]The Court lengthens the time for Plaintiff to file a second amended complaint since there is a motion to dismiss filed by the City of La Mesa set to be heard on April 12, 2013.

[12cv1635-GPC(BGS)]