# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE PETER EUNICE,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK KELLY, an individual, et. al.,<br><br>Defendants. | CASE NO. 12cv1635-GPC(BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART AND DENYING DEFENDANTS' MOTION TO DISMISS IN PART**<br><br>[Dkt. Nos. 46-1, 54, 59.] |

## Introduction

Before the Court is Defendants City of El Cajon and Jeff Davis' (collectively, "Defendants") motion to dismiss. Plaintiff filed an opposition and Defendants filed a reply. The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable law, the Court **DENIES** Defendants' motion to dismiss with respect to the second claim for relief under 42 U.S.C. § 1983, and **GRANTS** the motion to dismiss with prejudice with respect to the four state law claims for relief.

## Procedural Background

On June 29, 2012, Plaintiff Maurice Peter Eunice filed a complaint against Defendants. (Dkt. No. 1.) On October 1, 2012, Plaintiff filed a first amended complaint ("FAC") against Defendants United States of America; Patrick Kelly; Patrick

Ryan; Mike Mervos; Bethany Watrous; Steve M. Kingkade; Jeff Davis; City of El Cajon; and City of La Mesa. (Dkt. No. 10.)

On October 16, 2012, Defendant United States of America filed a motion to dismiss. (Dkt. No. 17.) On November 30, 2012, the Court granted Plaintiff's *ex parte* motion dismissing United States of America, Patrick Ryan, Patrick Kelly, Mike Mervos, Steve Kingkade and Bethany Waltrous ("Federal Defendants") from the third, fourth, fifth, and sixth causes of action without prejudice. (Dkt. No. 25.)

On October 31, 2012, Defendants City of El Cajon and Jeff Davis filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 21.)

On February 4, 2013, the City of La Mesa filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 38.)

On February 26, 2013, the Court granted the motions to dismiss of both the Federal Defendants' and the Defendants City of El Cajon and Jeff Davis, granting Plaintiff sixty (60) days leave to file a second amended complaint. (Dkt. No. 40.)

On March 1, 2013, Plaintiff filed a second amended complaint. ("SAC"). (Dkt No. 41.)[1] On March 15, 2013, the City of El Cajon and Jeff Davis filed a motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 46.) On May 3, 2013, Plaintiff filed an opposition. (Dkt. No. 54.) On May 17, 2013, Defendants City of El Cajon and Jeff Davis filed a reply. (Dkt. No. 59.)

On May 9, 2013, the Court granted the parties' joint motions to dismiss Defendant La Mesa from all causes of action and Defendant City of El Cajon from the third cause of action without prejudice. (Dkt. Nos. 57, 58.)

**Background**

According to the SAC, Plaintiff has owned the commercial properties at 419/421/423 El Cajon Boulevard in El Cajon, CA since 1995. (Dkt. No. 41, SAC ¶ 29.) He initially leased the property to a taco shop that eventually expanded and moved out. (Id. ¶ 30.) In 1996, Plaintiff began leasing the properties to the Hells Angels

---

[1] On March 4, 2013, due to Plaintiff's recently filed SAC, the Court denied the City of La Mesa's motion as moot. (Dkt. No. 42.)

| | |
|---|---|
| 1 | Motorcycle Club as a clubhouse. (Id. ¶ 31.) On August 2, 2011, Defendant Patrick |
| 2 | Ryan of the Drug Enforcement Agency ("DEA") obtained a search warrant for the |
| 3 | properties. (Id. ¶ 32.) The DEA agents went to the properties with El Cajon and La |
| 4 | Mesa police officers. (Id. ¶ 33.) Defendants knew that Plaintiff owned the properties, |
| 5 | knew Plaintiff's contact information, and knew how to obtain the keys to the properties. |
| 6 | (Id. ¶ 35.) Instead of calling Plaintiff, Defendants blew up the doors and windows |
| 7 | using explosives. (Id. ¶ 34.) Plaintiff contends that Defendants had no reason to blow |
| 8 | up Plaintiff's property and acted out of malice in order to intimidate Plaintiff for leasing |
| 9 | properties to Hells Angels because Defendants held ill will towards members of that |
| 10 | group. (Id. ¶ 36.) |
| 11 | Defendants caused extensive damage to the frame and foundation of the |
| 12 | buildings as well as the water pipes that ran beneath the properties. (Id. ¶ 39.) In |
| 13 | addition, a three year old dog, Molly, was in the courtyard of the properties, and after |
| 14 | the explosion, Defendants let Molly run out of the property and into the traffic on the |
| 15 | street. (Id. ¶¶ 40, 41.) Once Defendants gained entry into the properties, they |
| 16 | continued their destruction by smashing windows, throwing photographs off of the |
| 17 | walls, and stepping on the faces of the people depicted in the photographs. (Id. ¶ 42.) |
| 18 | As to Defendant Jeff Davis, Plaintiff's second claim for relief asserts a 42 U.S.C. |
| 19 | § 1983 claim alleging a violation of the Fourth Amendment for an unreasonable |
| 20 | seizure. (SAC ¶¶ 63-79.) Plaintiff also alleges Davis, along with the City of El Cajon, |
| 21 | are liable for intentional infliction of emotional distress, negligence, and violation of |
| 22 | California Civil Code § 52.1. (Id.) |

**Discussion**

| | |
|---|---|
| 24 | Defendants move to dismiss, pursuant to Federal Rule of Civil Procedure |
| 25 | 12(b)(6), all claims against them. Plaintiff opposes. |

**A.     Legal Standard for Federal Rule of Civil Procedure 12(b)(6)**

| | |
|---|---|
| 27 | Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a |
| 28 | claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under |

1 Rule 12(b)(6) is appropriate where the complaint lacks either a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). If, taking all well-pleaded factual allegations as true, a complaint contains enough facts to "state a claim to relief that is plausible on its face," it may survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In order to state a facially plausible claim for relief, the factual allegations of the claim must permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). Further, in reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

Where the court grants a motion to dismiss, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, if granting leave to amend would be futile, the Court may deny leave to amend. See id.

**B.    Second Claim for Relief for Violation of Plaintiff's Fourth Amendment Constitutional Rights as to Defendant Jeff Davis - 42 U.S.C. § 1983**

Defendant Jeff Davis ("Davis") argues that Plaintiff failed to state a plausible claim for relief against him because the factual allegations in the SAC demonstrate as a matter of law that his actions were reasonable. In his opposition, Plaintiff contends that the SAC provides sufficient allegations to entitle him to relief, and the issues disputed

by Defendants are questions of fact appropriate for jury determination. Because Plaintiff's SAC alleges sufficient facts to sustain a plausible legal theory, Defendant Davis's motion to dismiss Plaintiff's second claim for relief is **DENIED**.

Plaintiff alleges Defendant Davis violated his constitutional right under the Fourth Amendment to be free of "unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively" and caused an objectively unreasonable seizure of his property by executing the search warrant in an unreasonable manner. (Dkt. No. 41 ¶ 71.) Specifically, Plaintiff contends that the use of explosives to blow up the entrance to the properties was an unreasonable execution of the search warrant. (SAC ¶¶ 66, 70.) He also asserts that the destruction of the doors and windows meaningfully interfered with the possessory interest in his property. (Id. ¶ 68.)

In order to prevail on his unlawful seizure claim arising under 42 U.S.C. § 1983, Plaintiff must establish that Davis, (1) deprived him of his Fourth Amendment right to be free from unreasonable seizures by unreasonably seizing Plaintiff's "persons, houses, papers [or] effects," (2) while acting under color of state law. See Soldal v. Cook Cnty., Ill., 506 U.S. 56, 60-63, n. 6 (1992). "A 'seizure' of property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Id. at 63 (citing United States v. Jacobsen, 466 U.S. 109, 113 (1984). Determining the reasonableness of a seizure entails a careful balancing of the nature and quality of the intrusion on an individual's Fourth Amendment interests weighed against the countervailing governmental interests at stake, such as investigating and preventing crime. United States v. Ankeny, 502 F.3d 829, 836 (9th Cir. 2007) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

"A seizure becomes unlawful when it is 'more intrusive than necessary.'" San Jose Charter of Hells Angels Motorcycle Club v. San Jose, 402 F.3d 962, 975 (9th Cir. 2005) (citing Florida v. Royer, 460 U.S. 491, 504 (1983)). In examining whether an officer executed a warrant unreasonably, "it is proper to consider both the purpose disclosed in the application for a warrant's issuance and the manner of its execution,"

id., because "[t]he standard of reasonableness embodied in the Fourth Amendment demands that the showing of justification match the degree of intrusion." Berger v. New York, 388 U.S. 41, 70 (1967) (Stewart, J., concurring). The reasonableness of the seizure "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. Thus, the Court examines whether the totality of the circumstances, "viewed objectively, justify [the challenged] action," Scott v. United States, 436 U.S. 128, 138 (1978), recognizing that "the Fourth Amendment regulates **conduct** *rather than* **thoughts**," Ashcroft, 131 S. Ct. at 2080 (emphasis added).

The Court may not dismiss Plaintiffs' claims at this point because the reasonableness of a seizure is a question of fact appropriate for jury determination. Howell v. Polk, 532 F.3d 1025, 1026 (9th Cir. 2008); see also Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007) cert. granted, judgment vacated on other grounds, 556 U.S. 1256 (2009), 669 F.3d 937 (9th Cir. 2012) ("[t]he 'reasonableness' of a search or seizure is a fact-intensive inquiry that cannot be determined at this stage"); see also Liston v. Cnty. of Riverside, 120 F.3d 965, 979 (9th Cir. 1997) (Ordinarily, "the reasonableness of a search or seizure is a question of fact for the jury"). The Court cannot "make such a fact-specific determination when the precise circumstances of the searches or seizures are not before the court and when the Defendants have not yet had a chance to justify the alleged searches or seizures." Hydrick, 500 F.3d at 993. Here, at this stage of the proceeding, the Court must only determine whether the SAC alleges a claim of a violation of Plaintiff's Fourth Amendment right against unreasonable seizure, not whether the seizure was reasonable. Because Plaintiff's allegations in the SAC state a claim for a violation of the Fourth Amendment against Davis, Plaintiff has sufficiently pled an alleged Fourth Amendment violation against Davis for an unreasonable seizure sufficient to survive a motion to dismiss.[2] See Hydrick, 500 F.3d

---

[2] In his moving papers, Davis raises the issue of standing. With respect to allegations of damage to his personal property located within the interior of the property, Plaintiff set forth no allegations of damage to Molly, the dog, and/or personal property damaged during the search within his second claim for relief, and even if he did, he likewise failed to allege a possessory interest in such items.

1 at 993.

Davis also alleges that the seizure was reasonable pursuant to 18 U.S.C. § 3109. 18 U.S.C. § 3109 provides that where an officers gives notice of his authority and purpose, but is subsequently refused admittance,[3] he or she "may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant." See 18 U.S.C.A. § 3109. While an officer may break open any outer door or window of a house, there is a question of fact whether using explosives to break open an outer door is "reasonable." Therefore, in a 12(b)(6) motion to dismiss, the Court does not make such findings.

Accordingly, the Court **DENIES** Defendant Davis' motion to dismiss the second claim for relief for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983.

## C. Third Claim for Relief for Failure to Supervise and Discipline as to Defendants City of El Cajon - 42 U.S.C. § 1983

On May 9, 2013, the Court granted the joint motion to dismiss the third cause of action against the City of El Cajon (the "City") without prejudice from all causes of action within the SAC. (Dkt. No. 57.) Accordingly, the Court **DENIES** the City's motion to dismiss as moot.

## D. Remaining State Law Claims for Relief as to Defendants Davis and the City of El Cajon

The Court's prior order concluded that California Government Code section 821.6 immunized both the officers, and by operation of California Government Code section 815.2(b), the City from damage claims arising out of the Defendants' use of explosives when entering the properties, noting that this immunization extended to Plaintiff's state law causes of action for intentional infliction of emotional distress,

---

Accordingly, the Court is not required to address such claims. Further, any loss caused to the Plaintiff's personal property located within the real property which he leased out to tenants should be remedied by a cause of action against the tenants, rather than the police officers who conducted the search.

[3] "Refused admittance" may include constructive or implied refusal, rather than an affirmative refusal, and "a mere lack of response after a reasonable interval of time has elapsed has been held to be the statutory equivalent of a refusal justifying the officer's use of force to enter." 21 A.L.R. Fed. 820 (Originally published in 1974).

negligence, conversion, and violation of California Civil Code § 52.1. (Dkt. No. 40.)

Plaintiff alleges state causes of action for intentional infliction of emotional distress, negligence, conversion, and violation of California Civil Code section 52.1. Except for the negligence claim, the state law claims for relief allege facts arising after the Defendants' use of explosives. Defendants argue these state law claims are barred as a matter of law as they are immune under California Government Code sections 815.2 and 821.6, as has previously been established by this Court's prior order. Moreover, they also argue that the SAC fails to state a claim against them as to each state cause of action as well as that each claim fails to comply with the California Government Claims Act (also known as the California Tort Claims Act) (the "CGCA"). Plaintiff opposes, arguing that the officers are only immune for the loss which arose during the investigation, but not for the loss arising from their "acts of destruction after Defendants entered the building." (Dkt. No. 54.) He also rebuts Defendants' arguments by contending that because the CGCA only requires a general description of the damage or loss, his complaint is not barred by the CGCA.

The CGCA immunizes public entities from tort liability unless a particular statute has explicitly created liability. Cal. Gov't Code § 815(a). In order to bring a suit for money damages against a public entity or its employees, the CGCA requires that prior to filing suit, a claimant must file and present a written claim to the public entity, and that the public entity must either act upon or reject the claim. Cal. Gov't Code § 945.4. A claim relating to a cause of action for injuries to personal property, such as Plaintiff's claim, must be presented within six months after the accrual of the cause of action. Cal. Gov't Code § 911.2(a). However, a party may make an application to present such a claim after the expiration of the six month period, provided the claimant presents an application to present a late claim within a reasonable time period, not to exceed one year after the accrual of the cause of action, Cal. Gov't Code § 911.4(a)-(b), and which includes one of the listed reasons for late presentation of the claim, including but not limited to excusable neglect, Cal. Gov't Code § 911.6(b)(1). However, where the

failure to present a claim is attributable to an excuse such as inadvertence or excusable neglect, the claimant's failure to timely present the claim within the period provided by Government Code section 911.2 must not prejudice the public entity in its defense of the claim. Cal. Gov't Code § 911.6(b)(1). Compliance with the CGCA is mandatory, rather than a simple procedural requirement, and failure to comply may prove fatal to a cause of action. See Mangold v. Cal. Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (The California Tort Claims Act requires the timely presentation and filing of a written claim, and a rejection of that claim in whole or in part, "as a condition precedent to suit against a public entity"); Lindsay v. Fryson, 2011 U.S. Dist. LEXIS 62834, 27-28, 2011 WL 2444813 (E.D. Cal. June 14, 2011) (while "[a] plaintiff's 'failure to allege facts demonstrating or excusing compliance with the claims presentation requirement subjects a claim against a public entity' to dismissal for failure to state a claim," a court need not resolve factual disputes regarding actual compliance with the CGCA when ruling on a Rule 12(b)(6) motion).

Defendants are part of a public entity. See Cal. Gov't Code § 811.2 ("'Public entity' includes the state . . . a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State."); see also Streit v. County of L.A., 236 F.3d 552, 565 (9th. Cir. 2001) (relying on California decisions holding that a police department is a public entity under section 811.2); Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969) (holding that Cal. Gov. Code section 950.2 bars action against a public employee where failure to comply with the presentation requirement bars action against public entity for same injuries). Because Defendants qualify as a public entity, Plaintiff was required to comply with the CGCA's claims presentation requirement.

In Sanwal v. County of Sacramento, 2011 U.S. Dist. LEXIS 69386, 17-26 (E.D. Cal. June 27, 2011), the Eastern District Court of California granted the police department's motion to dismiss without prejudice, finding the plaintiffs' failure to allege an authorizing statute permitting them to bring state law tort claims against the

city police department fatal. However, it granted leave to amend to specify which authorizing statute, if any, authorized their claims. The court also noted that timely presentation of claims to the public entity "is not merely a procedural requirement but is an element of the plaintiff's cause of action." Id. (citing Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007)). Like the Sanwal plaintiffs, Plaintiff has also failed to allege an authorizing statute as well as failed to timely present portions of his claim, as discussed in more detail below.

In Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th. Cir. 1988), abrogated in part as stated in Boarman v. County of Sacramento, 2013 U.S. Dist. LEXIS 46326, 2013 WL 1326196, 7 (E.D. Cal. Mar. 29, 2013), the Ninth Circuit held that Plaintiff Karim-Panahi's amended complaint failed to allege compliance with California tort claim procedures, and as a result, it concluded the lower court appropriately dismissed his state law tort claims. It found Karim-Panahi's pendent state law claims against both individual and public entity defendants barred absent proof he presented them to the city and the police department before commencing suit. Id. (citing Cal. Gov't Code §§ 905, 945.4, 950.2); see also Ortega v. O'Connor, 764 F.2d 703, 707 (9th Cir. 1985), rev'd on other grounds, 480 U.S. 709 (1987) (a plaintiff's failure to comply with the CGCA's filing requirements bars pendent state claims). However, while the Court concluded that the lower court erred by failing to instruct Karim-Panahi on the necessity of alleging compliance with the exhaustion requirements, it also held noted that leave to amend is unnecessary where it is clear the deficiencies of the compliant cannot be cured by amendment. See id.

Like the plaintiff in Karim-Panahi, Plaintiff's state law claims are subject to the claim presentation requirements of the CGCA. Further, also similar to Karim-Panahi, because Plaintiff failed to allege compliance with these requirements, this Court must dismiss Plaintiff's state law claims.

Further, Defendants correctly point out that this Court already dismissed with prejudice any claims related to property damage arising due to the use of explosives to

enter the building. (Dkt. No. 40, 7:7-11.) Yet, in Plaintiff's fifth claim for negligence, he has again included allegations relating to the use of explosives while executing the search warrant. (SAC at ¶ 106.) Accordingly, any claims for relief alleging harm to Plaintiff's real property arising from the use of explosives when executing the search warrant will fail and must be dismissed.

Moreover, on his initial claim form to the City of El Cajon, Plaintiff provided that the full extent of his injuries include "Damage to the doors, windows, flooring and the structure of the property. Damage to the interior of the property *from the explosion*." (Dkt. No. 46-2, Exhibit A.) (emphasis supplied) Plaintiff must exhaust his administrative remedies prior to seeking judicial action. Because Plaintiff claim requests damages for damage to the interior of the property arising "from the explosion," and this Court's prior order dismissed any state law claims arising out of the use of explosives to execute the search warrant, Plaintiff's claims related to the damage to the interior property must be dismissed *with prejudice* for two reasons: First, in order for Plaintiff to bring claims relating to the interior of the property *not* arising out of the explosion, he would need to refile his claims with the public entity in order to satisfy the exhaustion requirement. However, he cannot do so as the period to file a late application has expired because his cause of action accrued on August 2, 2011, and as a result, the one year time period within which to make an application to present a late claim has passed. See Cal. Gov. Code § 911.4(a)-(b). Thus, while he may have been able to plead excusable neglect, he is well over the one year deadline. Second, if Plaintiff is unable to refile and obtain a decision by the public entity relating to damage to the interior of the property arising out of conduct unrelated to the use of explosives, he cannot bring a cause of action for such damages in the district court because he has not exhausted his remedies in compliance with the CGCA, which represents a prerequisite element of his claim for relief. Thus, as in Karim-Panahi, Plaintiff's state law claims for relief should be dismissed without leave to amend because he will be unable to cure the deficiencies in an amended complaint.

Finally, Plaintiff's fourth claim for relief for intentional infliction of emotional distress alleges that Defendants caused Plaintiff to suffer emotional distress by damaging the photographs, forcing the dog "to suffer fear needlessly by placing the explosives near the courtyard where the dog lived, causing her physical harm," and by allowing the dog to run into the street, and that these acts were done with the purpose of punishing Plaintiff. (SAC, ¶¶ 99, 100.) To the extent Plaintiff's claim arises from the use of explosives, it is barred. Defendants further argue that Plaintiff lacks standing to claim damages for any harm related to Molly, the dog, and/or Plaintiff's personal property. Thus, to the extent Plaintiff's claim arises from harm to Molly or photographs, Plaintiff failed to allege a possessory interest in such items in his SAC.[4]

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's state law claims with prejudice due to the fact this Court's prior order precludes his claims for damage to the interior of the property arising from the use of explosives, and the presentation requirement of the CGCA bars Plaintiff from amending his complaint to allege damage to the interior of the property arising after the explosion because the period to present late claims has expired.

### E. Request for Judicial Notice

Defendants filed a request for judicial notice as to the YouTube video capturing this incident and the affidavit for search warrant which has already been filed by Defendant United States of America as Dkt. No. 18-1. The Court declines to take judicial notice of these items as they were not relied upon in ruling on the instant motion to dismiss. However, the Court takes judicial notice of Plaintiff's Claim for Damages on file with the City. (Dkt. No. 46-2, Exhibit A.) See e.g., Fox v. Cnty. of Tulare, 1:11-CV-00520 AWI, 2011 WL 5101856, 8, n. 8 (E.D. Cal. Oct. 26, 2011) (citing Lee, 250 F.3d at 688-89) (Taking judicial notice of Plaintiff's claim forms pursuant to the Defendants request for judicial notice filed alongside their motion to

---

[4] However, if Defendants desire to challenge Plaintiff's constitutional standing, they must bring a motion pursuant to Rule 12(b)(1) challenging the subject matter jurisdiction of the court. In re Sony Gaming Networks & Consumer Data Sec. Breach, 903 F. Supp.2d 942, 952 (S.D.Cal. Oct.11, 2012).

dismiss, because "[c]ourts may take judicial notice of matters of public record" where not subject to reasonable dispute).

## Conclusion

Based on the above, the Court **DENIES** Defendant Davis' motion to dismiss the second cause of action, and **GRANTS** Defendants City of El Cajon and Jeff Davis' motion to dismiss the state law claims relating to the third, fourth, fifth, and sixth claims for relief with prejudice.

IT IS SO ORDERED.

DATE: July 16, 2013

_____
HON. GONZALO P. CURIEL
United States District Judge