Steven E. Boehmer, Esq. (SBN 144817)
Carrie L. Mitchell, Esq. (SBN 221845)
McDOUGAL LOVE ECKIS
BOEHMER & FOLEY
8100 La Mesa Blvd., Suite 200
La Mesa, California 91942
Telephone:  (619) 440-4444
Facsimile:    (619) 440-4907

Attorneys for Defendant,
JEFF DAVIS

EXEMPT FROM FILING
FEES PURSUANT TO
GOVERNMENT CODE
SECTION 6103

UNITED STATES DISTRICT COURT

THE SOUTHERN DISTRICT OF CALIFORNIA

| MAURICE PETER EUNICE, an individual, | Case No.: 12-cv-1635-WQHBGS |
|---|---|
| Plaintiff, | **ANSWER TO SECOND AMENDED COMPLAINT** |
| v. | |
| UNITED STATES OF AMERICA, PATRICK KELLY, an individual; PATRICK RYAN, an individual; MIKE MERVOS, an individual; BETHANY WATROUS, an individual; STEVE M. KINGKADE, an individual; JEFF DAVIS, an individual; CITY OF EL CAJON, a municipal corporation; CITY OF LA MESA, a municipal corporation and DOES 1 through 80, INCLUSIVE, | Judge:              Gonzalo P. Curiel<br>Courtroom:       4<br>Magistrate Judge:  Bernard G. Skomal<br><br>Complaint Filed:   June 29, 2012 |
| Defendants. | |

Defendant, Jeff Davis ("defendant"), hereby answers plaintiff's second amended complaint as follows:

1.    In response to paragraph 1, defendant admits jurisdiction is proper.

2.    In response to paragraph 2, defendant denies that the court has jurisdiction over plaintiff's state law claims.

1

**ANSWER TO SECOND AMENDED COMPLAINT**

3.      In response to paragraph 3, defendant lacks sufficient information as to the allegations contained therein.

4.      In response to paragraph 4, defendant denies the allegations contained therein.

5.      In response to paragraph 5, defendant admits the allegations contained therein.

6.      In response to paragraph 6, defendant lacks sufficient information as to the allegations contained therein.

7.      In response to paragraph 7, defendant admits the allegations contained therein.

8.      In response to paragraph 8, defendant lacks sufficient information as to the allegations contained therein.

9.      In response to paragraph 9, defendant lacks sufficient information as to the allegations contained therein.

10.      In response to paragraph 10, defendant lacks sufficient information as to the allegations contained therein.

11.      In response to paragraph 11, defendant admits the allegations contained therein.

12.      In response to paragraph 12, defendant admits he was the S.W.A.T. commander for the City of El Cajon.  Except as expressly admitted, defendant denies the remaining allegations contained in paragraph 12.

13.      In response to paragraph 13, defendant is without sufficient information or knowledge to form a belief to the allegations relating to DOE defendants contained therein and on that basis denies those allegations.

14.      In response to paragraph 14, defendant is without sufficient information or knowledge to form a belief to the allegations contained therein and on that basis denies those allegations.

/////

2

**ANSWER TO SECOND AMENDED COMPLAINT**

15.    In response to paragraph 15, defendant is without sufficient information or knowledge to form a belief as to the allegations relating to DOE defendants contained therein and on that basis denies those allegations.

16.    In response to paragraph 16, defendant denies he was ever present to execute a warrant obtained by the DEA and is without sufficient information or knowledge to form a belief to the remaining allegations contained therein, and on that basis denies those allegations.

17.    In response to paragraph 17, defendant is informed and believes the warrant was pursuant to a DEA investigation and on that basis admits the allegations.

18.    In response to paragraph 18, defendant denies he used explosives or destroyed plaintiff's property, is without sufficient information or knowledge to form a belief to the remaining allegations contained therein and on that basis denies those allegations.

19.    In response to paragraph 19, defendant is without sufficient information or knowledge to form a belief to the allegations contained therein and on that basis denies those allegations.

20.    In response to paragraph 20, defendant admits that the City is a municipal corporation and as to DOE defendants is without sufficient information or knowledge to form a belief to the allegations contained therein and on that basis denies those allegations.

21.    In response to paragraph 21, defendant is without sufficient information or knowledge to form a belief as to DOE defendants and on that basis denies those remaining allegations.

22.    In response to paragraph 22, defendant lacks sufficient information as to the allegations contained therein.

23.    In response to paragraph 23, defendant lacks sufficient information as to the allegations contained therein.

3

**ANSWER TO SECOND AMENDED COMPLAINT**

24.     In response to paragraph 24, defendant lacks sufficient information as to the allegations contained therein.

25.     In response to paragraph 25, defendant lacks sufficient information as to the allegations contained therein.

26.     In response to paragraph 26, defendant lacks sufficient information as to the allegations contained therein.

27.     In response to paragraph 27, defendant lacks sufficient information as to the allegations contained therein.

28.     In response to paragraph 28, defendant lacks sufficient information as to the allegations contained therein.

29.     In response to paragraph 29, defendant lacks sufficient information as to the allegations contained therein.

30.     In response to paragraph 30, defendant lacks sufficient information as to the allegations contained therein.

31.     In response to paragraph 31, defendant lacks sufficient information as to the allegations contained therein.

32.     In response to paragraph 32, defendant admits the allegations contained therein on information and belief.

33.     In response to paragraph 33, defendant denies that he was present on plaintiff's property to participate in the execution of the DEA warrant.  Defendant is informed and believes that DEA agents and other police officers were at plaintiff's property to execute a search warrant.   Except as expressly stated, defendant is without sufficient information or knowledge to form a belief to the remaining allegations contained therein and on that basis denies those allegations.

34.     In response to paragraph 34, defendant denies that he blew up the doors and windows of plaintiff's property using explosives.  Defendant is without sufficient information or knowledge to form a belief to the remaining allegations contained therein and on that basis denies those allegations.

**ANSWER TO SECOND AMENDED COMPLAINT**

35.    In response to paragraph 35, defendant denies that he blew up the doors and windows of plaintiff's property using explosives.  Defendant is informed and believed that plaintiff owned the properties.  Defendant is without sufficient information or knowledge to form a belief to the allegations contained therein and on that basis denies those allegations.

36.    In response to paragraph 36, defendant denies the allegations contained therein and denies that he blew up plaintiff's property.

37.    In response to paragraph 37, defendant denies the allegations contained therein.

38.    In response to paragraph 38, defendant denies the allegations contained therein.

39.    In response to paragraph 39, defendant denies the allegations contained therein.

40.    In response to paragraph 40, defendant is without sufficient information or knowledge to form a belief to the allegations contained therein and on that basis denies those allegations.

41.    In response to paragraph 41, defendant denies the allegations contained therein.

42.    In response to paragraph 42, defendant denies the allegations contained therein.

43.    In response to paragraphs 43 through 61, defendant states that no affirmative answer or denial is required as this cause of action is not brought against this responding defendant.

44.    In response to paragraph 62, defendant realleges his previous responses by reference.

45.    In response to paragraph 63, defendant states no response is required because the allegations concern legal conclusions rather than facts.

/ / / / /

**ANSWER TO SECOND AMENDED COMPLAINT**

46.     In response to paragraph 64, defendant states no response is required because the allegations concern legal conclusions rather than facts.

47.     In response to paragraph 65, defendant states no response is required because the allegations concern legal conclusions rather than facts.

48.     In response to paragraph 66, defendant states no response is required as to the legal conclusion contained therein and denies the remaining allegations.

49.     In response to paragraph 67, defendant states no response is required because the allegations concern legal conclusions rather than facts.

50.     In response to paragraph 68, defendant states no response is required because the allegations concern legal conclusions rather than facts.

51.     In response to paragraph 69, defendant states no response is required because the allegations concern legal conclusions rather than facts.

52.     In response to paragraph 70, defendant states no response is required because the allegations concern legal conclusions rather than facts.

53.     In response to paragraph 71, defendant states no response is required because the allegations concern legal conclusions rather than facts, and specifically denies that he used explosives to blow up doors and windows.

54.     In response to paragraph 72, defendant denies the allegations contained therein.

55.     In response to paragraph 73, defendant denies that he blew up plaintiff's doors and windows with explosives, or that the conduct was prohibited by clearly established law.

56.     In response to paragraph 74, defendant denies the allegations contained therein.

57.     In response to paragraph 75, defendant denies that he blew up the doors and windows; defendant states that no response is required as to the remaining allegations because the allegations concern legal conclusions rather than facts.

**ANSWER TO SECOND AMENDED COMPLAINT**

58.    In response to paragraph 76, defendant denies the allegations contained therein.

59.    In response to paragraph 77, defendant denies that he blew up plaintiff's doors and windows.  Defendant states that no response is required as to the remaining allegations because the allegations concern legal conclusions rather than facts.

60.    In response to paragraph 78, defendant denies the allegations contained therein.

61.    In response to paragraph 79, defendant denies the allegations contained therein.

62.    In response to paragraphs 98 through 121, defendant states that no affirmative answer or denial is required as the claims and/or causes of action related to these allegations were dismissed by the Court.

## AFFIRMATIVE DEFENSES

1.    As a first and separate affirmative defense, this answering defendant alleges that if any damages were sustained by plaintiff, the damages were proximately caused by the acts and/or omissions of third parties over whom this answering defendant exercised no control and for whose acts this answering defendant is not responsible.

2.    As a second and separate affirmative defense, this answering defendant alleges that the injuries complained of and the damages sought by plaintiff were caused directly and proximately by the plaintiff's own negligence, fault, recklessness, or unlawful conduct in and about the matters alleged in the Complaint.

3.    As a third and separate affirmative defense, this answering defendant alleges that plaintiff knew well the risks, hazards, and dangers necessarily incident thereto, and that if plaintiff has suffered any injuries or is entitled to any damages as alleged in the second amended complaint, said injuries and damages arose from,

1  and were caused by, said risks, hazards, and dangers, knowingly and voluntarily
2  assumed by the plaintiff.

3  4.    As a fourth and separate affirmative defense, this answering defendant
4  alleges that if plaintiff sustained any injuries or is entitled to any damages under
5  the circumstances alleged in the second amended complaint, or in any other
6  respect, said injuries and damages were wholly or in part directly and proximately
7  caused by plaintiff's own negligence, carelessness, lack of due care, and fault of
8  third parties.  In the event that plaintiff is found to have sustained injuries or to be
9  entitled to any damages, which is denied, this answering defendant is liable only
10  for that portion of any such damage that corresponds to his degree of fault or
11  responsibility and not for the negligence or fault of the plaintiff or any other party
12  or parties, named or unnamed, in the second amended complaint.

13  5.    As a fifth and separate affirmative defense, this answering defendant
14  alleges that plaintiff has not alleged and cannot prove any facts showing that the
15  conduct of defendant was the proximate cause of any damages suffered as alleged
16  in the second amended complaint.

17  6.    As a sixth and separate affirmative defense, this answering defendant
18  alleges that the allegations which plaintiff set forth in the second amended
19  complaint, which this answering defendant denies, were not a substantial factor in
20  bringing about the alleged injury or injuries, and, therefore, were not contributing
21  causes, or were succeeded by tortious conduct by plaintiff or one or more third
22  parties, whether named or unnamed in the second amended complaint, whose
23  misconduct was an independent, intervening, sole, and proximate cause of any
24  alleged injury or injuries, damage or damages, if any, suffered by the plaintiff.

25  7.    As a seventh and separate affirmative defense, this answering
26  defendant alleges that if plaintiff is entitled to any recovery, which this answering
27  defendant denies, such recovery must be reduced by the amount attributable to the
28  failure of plaintiff to mitigate damages.

**ANSWER TO SECOND AMENDED COMPLAINT**

8.     As an eighth and separate affirmative defense, this answering defendant alleges that, at all times relevant hereto, defendant acted in good faith, without malice, upon a reasonable belief that plaintiff's tenants were involved in criminal activity and threatening the safety and life of persons.

9.     As a ninth and separate affirmative defense, defendant alleges that he was acting in good faith and within the scope of his official duties and defendant had no knowledge that the alleged wrongful acts, if any, were illegal and/or unconstitutional, and defendant had no knowledge that the alleged wrongful acts, if any, were violative of plaintiff's rights.   Based upon the above, defendant is absolutely immune from suit.

10.     As a tenth and separate affirmative defense, this answering defendant alleges that defendant was acting on a good faith and reasonable belief that the acts complained of occurred within the scope of defendant's official duties and defendant had no knowledge that the alleged wrongful acts, if any, were illegal and/or unconstitutional nor were said alleged wrongful acts, if any, clearly violative of plaintiff's rights at the time they were committed.

11.     As an eleventh and separate affirmative defense, defendant alleges that the warrant was based upon probable cause.

12.     As a twelfth and separate affirmative defense, this answering defendant alleges that the second amended complaint fails to state any claim against this answering defendant upon which relief can be granted.

13.     As a thirteenth and separate affirmative defense, this answering defendant alleges that plaintiff consented to all acts or conduct of defendant and thereby waived all rights, claims or causes of action alleged to arise therefrom.

/////
/////
/////
/////

9

**ANSWER TO SECOND AMENDED COMPLAINT**

**WHEREFORE,** the defendants pray as follows:

1.    That plaintiff take nothing by his second amended complaint;

2.    That defendant be awarded his attorney fees and cost of suit; and

3.    For such further relief as the Court deems proper.

Dated:  July 29, 2013                    MCDOUGAL LOVE ECKIS
                                         BOEHMER & FOLEY


                                         _s/ Carrie L. Mitchell_
                                         Steven E. Boehmer
                                         Carrie L. Mitchell
                                         Attorneys for Defendant,
                                         JEFF DAVIS

**ANSWER TO SECOND AMENDED COMPLAINT**