# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE PETER EUNICE,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 12cv1635-GPC(BGS)<br><br>**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**<br><br>**[FILED UNDER SEAL]**<br><br>[Dkt. Nos. 119.] |

Before the Court is Defendant United States of America's supplemental motion for summary judgment. (Dkt. No. 119.) An opposition was filed as well as a reply. (Dkt. Nos. 121, 123.) After a review of the briefs, supporting documentation and the applicable law, the Court GRANTS Defendant United States of America's supplemental motion for summary judgment.

## Procedural Background

On June 29, 2012, Plaintiff Maurice Peter Eunice ("Plaintiff") filed a complaint against numerous Defendants alleging causes of action arising from the Defendants use of explosives to enter his property causing unnecessary and extensive damage. (Dkt. No. 1.) On January 2, 2013, Plaintiff filed another action against the United States of America in case no. 13cv0009 alleging causes of action under the Federal Tort Claims Act ("FTCA"). (Case No. 13cv0009, Dkt. No. 1, Compl.) On September 10, 2013, the

Court granted the parties' joint motion to consolidate the cases. (Dkt. No. 71.)

The remaining two causes of action are trespass to land and private nuisance as to Defendant United States of America. These causes of action were not properly briefed in Defendant's prior motion for summary judgment. Pursuant to a joint motion, the parties agreed to file supplemental briefs on the two remaining claims. (Dkt. No. 115, 116.) On August 11, 2014, the United States of America filed a supplemental brief. (Dkt. No. 119.) Plaintiff filed an opposition on September 12, 2014. (Dkt. No. 121.) On September 24, 2014, the United States of America filed a reply. (Dkt. No. 123.)

## Factual Background[1]

In 1995, Plaintiff purchased the property located at 419/421/423 El Cajon Boulevard in El Cajon, California. He has been a member of the Hells Angels Motorcycle Club ("Hells Angels") since 1994. In 1996, Plaintiff began leasing the properties to Tim Timms, a member of the Hells Angels for use by the Hell Angels as their Clubhouse. All three buildings on the property are used solely for the Hells Angels Clubhouse.

On August 2, 2011, Special Agent ("SA") Patrick Ryan of the Drug Enforcement Agency ("DEA") obtained a night search warrant for the properties pursuant to a DEA investigation into Plaintiff's tenants. Plaintiff does not challenge the validity of the search warrant. Agent Ryan contacted the El Cajon Police Department regarding the service of the high-risk search warrant at the properties. There were eleven arrest warrants and eight search warrants related to the case. The role of the El Cajon SWAT team was to assist the DEA with entry and to secure the location and all the occupants on the premises and to clear the compound for the DEA investigators to perform the search.

According to the El Cajon Police Department SWAT After Action Report of the

---

[1]The facts are taken from the Court's prior order on the Defendant Davis and United States of America's motions for summary judgment filed on July 31, 2014.

1  incident on August 3, 2011, ███████████████████████
2  ████████████████████████████████████████████████
3  ███████████████████████████ (Dkt. No. 110-1, Jun Decl., Ex, 1 at 2 (under
4  SEAL).)
5  ████████████████████████████████████████████████
6  ███████████████████████████████████. (Id. (under SEAL).)
7  ████████████████████████████████████████████████
8  ████████████████████████████████████. (Id. (under SEAL).)
9  ████████████████████████████████████████████████
10 ██████████████████████████████████████. (Id. (under SEAL).)
11 ████████████████████████████████████████████████
12 ████████████████████████████████████. (Id. (under SEAL).)
13 ████████████████████████████████████████████████.
14 (Id. (under SEAL).) ████████████████████████████. (Id. at 3
15 (under SEAL).)
16 ████████████████████████████████████████████. (Id.
17 (under SEAL).)
18      ████████████████████████████████████████
19 ████████████████████████████. (Id. at 3 (under SEAL).) ████████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████(Id. (under SEAL).)
22 ████████████████████████████████████████████████
23 (Id. (under SEAL).) ██████████████████████████████████
24 ██████████████████████████████████. (Id. (under SEAL).) ████████
25 █████████████████████████████████. (Id. at 4 (under SEAL).) ████████
26 ████████████████████████████████████████████████
27 █████████████████. (Id. (under SEAL).██████████████████████
28 ████████████████████████████████████████████████

1  (Id. (under SEAL).) ███████████████
2  ███████████████████████████████. (Id.) █████
3  ████████████████████████████████████████
4  █████████████████. (Id.) ████████████████. (Id. (under SEAL).)
5  █████████████████████████. (Id. (under SEAL).) █████
6  ████████████████████████████
7  ██████████████████. (Id. (under SEAL).)

8   Breaching charges are detonating explosives used by SWAT to remove doors and hinges and create a loud boom and a flash. (Dkt. No. 100-5, Davis Depo. at 15:24-16:24.) Flash bangs are diversionary devices used to startle occupants of a home by making a loud noise and creating a bright flash. (Id. at 14:17-15:23.) The purpose is to stun people who may be inside a house. (Id. at 15:9-10.)

## Discussion

### A.   Legal Standard for Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. Celotex Corp., 477 U.S. at 323. The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. Id. at 322-23. If the moving party fails to bear the

1  initial burden, summary judgment must be denied and the court need not consider the
2  nonmoving party's evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60
3  (1970).

4      Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. Id. at 325. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In making this determination, the court must "view[] the evidence in the light most favorable to the nonmoving party." Fontana v. Haskin, 262 F.3d 871, 876 (9th Cir. 2001). The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact. Anderson, 477 U.S. at 255.

    In the prior order on Defendant's motion for summary judgment, the Court granted summary judgment on the state causes of action for intentional infliction of emotional distress, negligence, and California Civil Code section 52.1 pursuant to the Federal Tort Claims Act ("FTCA"). In the order, the Court concluded that the "use of breaching charges and flash bangs [by Davis] was reasonable in relation to the potential dangers at issue at the time." (Dkt. No. 113 at 14.) The parties do not dispute that the search warrant was valid. (Id. at 4.)

**B.  Trespass to Land**

    Defendant argues that the trespass to land cause of action should be dismissed because the Court concluded that the search warrant was valid and reasonable and so entry onto Plaintiff's land was authorized. Moreover, it contends that the DEA was not

involved in the initial search when El Cajon SWAT used breaching charges and flash bangs. In opposition, Plaintiff argues that while the search warrant authorized the search of Plaintiff's property, it did not allow the unreasonable and unnecessary use of explosives. Therefore, the use of breaching charges and flash bangs exceeded the scope of the warrant which caused fire and property damage. Moreover, Plaintiff asserts that since the trespass was committed jointly between the DEA and El Cajon SWAT, liability is imputed to the United States.

In this case, Plaintiff alleges that the damage caused by the use of breaching charges and flash bangs constitute trespass to land. However, the El Cajon SWAT team, not the DEA, executed the entry into the Clubhouse with the use of flash bangs and breaching charges. The threshold issue is whether Defendant is liable for the acts conducted by another agency. Plaintiff summarily argues, without any legal authority or additional facts, that the entry was jointly conducted by the El Cajon SWAT team and the DEA; therefore, the DEA is liable.

In the Court's prior order on the negligence claim, it explained,

> that the conduct that caused Plaintiff's injury is SWAT's detonating an explosive charge that destroyed the doors and windows. Ryan's request for assistance is too remote of a connection to impose a duty of care by the DEA to Plaintiff. After the request for assistance, the DEA had no other role in determining how the Clubhouse would be breached and only entered the scene once SWAT's entry was successfully made. It was SWAT's responsibility to conduct the entry into the Clubhouse. DEA agents merely observed from a distance. DEA did not use the explosives and did not direct SWAT to use explosives.
>
> Plaintiff has not shown that the DEA is responsible for SWAT's decisions and actions to establish a duty of care.

(Dkt. No. 113 at 18.)

While the Court's analysis and conclusion was conducted in the context of a duty of care analysis, the conclusion sheds light on whether liability can be imputed to the DEA by the SWAT teams' use of explosives. Based on the facts before the Court, there is no indication that the DEA and the SWAT team worked jointly in the execution of the entry into the Clubhouse. Moreover, Plaintiff provides no legal authority or

additional facts that liability can be imputed to the United States of America based on joint action. Accordingly, Plaintiff has not demonstrated that there are genuine issues of material facts as to whether Defendant United States of America can be liable for a claim of trespass to land. The Court GRANTS Defendant's motion for summary judgment on the trespass to land cause of action.

**C.    Private Nuisance**

Defendant argues that since the Court ruled that the SWAT's use of breaching charges and flash bangs was reasonable, the search could not have been a nuisance. It also contends that Plaintiff improperly alleges that El Cajon SWAT and the DEA acted jointly in the initial entry. Plaintiff contends that reasonableness under nuisance and reasonableness under the Fourth Amendment are distinct standards and the DEA's conduct constitute unreasonableness sufficient to constitute private nuisance.

Again, the threshold issue is whether the DEA can be liable for the conduct of the SWAT team. Plaintiff alleges that since the SWAT team was under the DEA's direction, it is liable for private nuisance based on the use of the flash bangs and breaching charges. However, Plaintiff has not demonstrated that there are genuine issues of material facts as to whether Defendant can be liable for a claim of private nuisance. The facts show that the SWAT team, not the DEA, executed the flash bangs and breaching charges. Plaintiff present no additional facts or case law that Defendant would be liable for the acts of the SWAT team. Thus, the Court GRANTS Defendant's motion for summary judgment on the private nuisance cause of action.

**Conclusion**

Based on the above, the Court GRANTS Defendant United States of America's supplemental motion for summary judgment on the two remaining causes of action for trespass to land and private nuisance. The hearing set for October 10, 2014 shall be **vacated**. The Clerk of Court shall issue judgment and close the case.

IT IS SO ORDERED.

DATED: October 1, 2014

HON. GONZALO P. CURIEL
United States District Judge